IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO. 15-40069-JPG |
| vs. | ) |
| | ) |
| TODD A. TOLER, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

It is hereby agreed between the United States of America, through Acting United States Attorney James L. Porter and Assistant United States Attorney Amanda A. Robertson (collectively referred to as the "United States") and Defendant Todd A. Toler, (hereinafter "Defendant") with the advice and consent of Mark C. Hunter, counsel for Defendant, as follows:

### I. Plea, Penalties, and Elements

1.      Defendant will enter a plea of guilty to the indictment. Defendant committed each of the acts that are the elements of the offenses, and Defendant agrees that Defendant is guilty of the charges in the indictment. Defendant understands that the statutory maximum penalties, and minimum penalties if applicable, are as follows:

| Count | Charge | Statutory Penalties | Elements of the Offense |
|---|---|---|---|
| 2 | Conspiracy to Manufacture Methamphetamine 21 U.S.C. § 846 | Up to 20 years' imprisonment; at least 3 years' supervised release; up to $1,000,000 fine | - Conspiracy to manufacture methamphetamine existed: <br> - Defendant knowingly joined conspiracy with intention to further it; and <br> - Defendant knew the substance was a controlled substance |

2.      Defendant understands that the Court must assess a "Special Assessment" of $100 per felony count. Defendant agrees to pay the special assessment on or before the date of sentencing unless Defendant establishes an inability to pay on or before the date of sentencing

through the financial disclosure to the U.S. Probation Office as part of the presentence investigation and report, in which case Defendant agrees to pay it as soon as practicable.

3.     Defendant understands that the United States will recommend the imposition of a fine which may be based in part on Defendant's projected earnings through the Inmate Financial Responsibility Program.

4.     Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision.  The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts dated June 16, 2015, are, for imprisonment: $2,552.00 per month; for community confinement: $2,417.00 per month; and for supervision: $273.00 per month.

5.     Defendant shall cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report.  Said cooperation will include signing all releases, as requested.  Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office and Defendant waives any rights Defendant may have under the Right to Financial Privacy Act.  Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

## II. Advisory Sentencing Guideline Calculations

1.     The United States submits that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 29, a Criminal History Category of II, a sentencing range of 97-121 months, and a fine range of $30,000 - $1,000,000.  The Defendant submits that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 27, a Criminal History Category of II, a sentencing range of 78-97 months, and a fine range of $25,000 - $1,000,000.  The United States and

2

Defendant agree that these calculations of Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. Defendant expressly recognizes that, regardless of the Guideline range found or the sentence imposed by the Court, Defendant will not be permitted to withdraw Defendant's plea of guilty. The United States and Defendant reserve the right to address the sentencing factors set forth in 18 U.S.C. § 3553(a), but agree not to seek a sentence outside the applicable Guideline range as determined by the Court. The United States specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by Defendant and the United States. Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of Defendant.

2.      The United States submits that Defendant's relevant conduct involves 300 grams – 1 kilogram of pseudoephedrine, which creates a Base Offense Level of 32. Defendant submits that his relevant conduct involves 100-300 grams of pseudoephedrine, which creates a Base Offense Level of 30.

3.      Defendant and the United States agree that no victim-related adjustments apply to this offense. *See* U.S.S.G. § 3.A.

4.      Defendant and the United States agree that Defendant's role in the offense was such that Defendant's offense level should be neither increased (under 3B1.1) nor decreased (under 3B1.2).

3

5.     Defendant and the United States agree that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, Defendant's base offense level should not be increased.

6.     Defendant and the United States agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the United States will recommend a reduction of 3 Levels. *See* U.S.S.G. § 3E1.1. A reduction for acceptance of responsibility is dependent on Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice.

7.     Defendant and the United States submit that it appears that Defendant has amassed two (2) Criminal History points and that, therefore, the Sentencing Guideline Criminal History Category is II. Defendant and the Government arrived at this Category based upon the following information:

| DATE | OFFENSE | DISPOSITION | GUIDELINE | SCORE |
|------|---------|-------------|-----------|-------|
| 2007 | Aggravated Battery | 30 months' probation | § 4A1.1(c) | 1 |
| 2007 | DUI | 12 months' probation 17 days' jail | § 4A1.1(c) | 1 |

### III. Limitation of Plea Agreement & Breach of the Agreement

1.     Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts. Defendant agrees that this Plea Agreement and the Stipulation and any addenda attached hereto embody the entire agreement between the United States and Defendant and supersedes any other agreement, oral or written.

4

2.      Defendant understands and acknowledges that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. Defendant further understands and acknowledges that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

3.      Defendant acknowledges, understands and agrees that if Defendant:

- commits any offense in violation of federal, state, or local law;

- violates any condition of release;

- violates the terms of this Agreement or the attached Addenda, if any;

- fails to perform any of Defendant's obligations under this Agreement or the attached Addenda, if any;

- moves to withdraw the guilty plea;

- contests or assists another in contesting the forfeiture of money, property or assets which Defendant has agreed to forfeit;

- conceals, transfers, encumbers or otherwise makes unavailable any assets or assists any person therewith, which would otherwise be available to the United States through exercise of legal processes to satisfy any financial obligation imposed by the Court including, but not limited to the forfeiture judgment, money judgment or restitution judgment or committing any acts constitution obstruction of justice;

- files an appeal or institutes a post-conviction proceeding not authorized in the section entitled "Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver;"

such violation or action by Defendant may constitute a material breach of this Agreement. In the event of Defendant's material breach of this Plea Agreement, Defendant will not be able to enforce any of its provisions, and the United States will be relieved of all of its obligations under this Plea Agreement. For example, the United States will be free to pursue any charges including those that may have been dismissed, promised to be dismissed, or not filed as a result of this Plea Agreement. Defendant agrees that any statute of limitations relating to such charges is tolled as

5

of the date Defendant signs this Plea Agreement. Defendant also waives any double jeopardy defense or speedy trial challenges to such charges, in the event that charges are brought following a breach of this Plea Agreement by Defendant. The United States may move to set aside Defendant's guilty plea. Additionally, Defendant agrees that in the event of Defendant's material breach of this Plea Agreement or if Defendant is permitted to withdraw Defendant's guilty plea, any and all statements made by Defendant, whether under oath or not, at the change of plea hearing and any evidence derived from such statements are admissible against Defendant in any prosecution of or action against Defendant. Defendant knowingly and voluntarily waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## IV. Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver

1.      Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2.      By pleading guilty, Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a

6

reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

3.    Defendant acknowledges that Title 18, United States Code, § 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in this case, the Court must order Defendant detained pending sentencing, in the absence of exceptional circumstances as set forth in Title 18, United States Code, § 3145(c).  Defendant reserves the right to argue that there are exceptional circumstances that would justify Defendant's release pending sentencing.

4.    Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial.

5.    Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack.  However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to contest any aspect of the conviction and sentence**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment.  Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States.

7

6.     Defendant's waiver of the right to appeal or bring collateral challenges shall not apply to:  1) claims of ineffective assistance of counsel; 2) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders Defendant actually innocent of the charges covered herein; and 3) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10).  The United States reserves the right to oppose such claims for relief.

7.     Defendant's waiver of appeal and collateral review rights shall not affect the United States' right to appeal Defendant's sentence pursuant to Title 18, United States Code, §3742(b).  This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

8.     Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, § 552, or the Privacy Act of 1974, Title 5, United States Code, § 552a.

## V.  Collateral Consequences of Conviction

1.     Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year.  Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

8

2.      If convicted in this case, and if Defendant is not a United States citizen, Defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.  Defendant's Acknowledgements

Defendant is fully satisfied with the representation received from defense counsel. Defendant acknowledges that the United States has provided complete discovery compliance in this case. Defendant has reviewed the United States' evidence and has discussed the United States' case, possible defenses and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and possible defenses. Defendant acknowledges that Defendant has had adequate opportunity to discuss the potential consequences of Defendant's plea with defense counsel. Defendant has had all of Defendant's questions answered by defense counsel. Defendant agrees that this Plea Agreement is not the result of any threats, duress or coercion. Defendant enters this guilty plea freely, voluntarily and knowingly because Defendant is guilty.

## VII.

No matters, other than as set forth in II.1 and II.2, are in dispute.

JAMES L. PORTER
Acting United States Attorney

Assistant United States Attorney

By signing this Plea Agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in a language that Defendant understands) and that Defendant has discussed the terms of this Plea Agreement with defense counsel and fully understands its

9

meaning and effect.

_Todd A. Toler_                     Date: _4-20-16_
TODD A. TOLER
Defendant

I have thoroughly read, reviewed and explained this Plea Agreement and its addenda, if

any, to my client who understands and accepts its terms.  I have advised Defendant of all matters

within the scope of Fed.R.Crim.P. 11, the constitutional and other rights of an accused, the

factual basis for and the nature of the offense to which the guilty plea will be entered, possible

defenses, and the consequences of the guilty plea including the maximum statutory sentence

possible.  I have further discussed the concept of the advisory Sentencing Guidelines with

Defendant.  No assurances, promises, or representations have been given to me or to Defendant

by the United States or any of its representatives that are not contained in this written agreement

or the attached addenda, if any.  I concur in the entry of the plea as indicated above and that the

terms and conditions set forth in this agreement are in the best interests of my client.

_Mark C. Hunter_                     Date: _4/20/2016_
MARK C. HUNTER
Attorney for Defendant